## C. W. WEST & Co. v. M. DODSWORTH, ET AL.

1. The facts necessary to constitute a cause of action should be stated in the body of the petition, and, except in the case of actions founded upon written instruments for the unconditional payment of money provided for in section 122 of the code, should be concisely stated, without the necessity of a reference to an exhibit.
2. In an action for recovery of money upon an undertaking in error, where the bond is referred to in the petition as "filed herewith marked A," and it becomes necessary to look beyond the petition to the exhibit, in order to discover the character, amount, and condition of the bond, the pleading is not sustainable by any provision of the code.
3. The nature and extent of the obligation should be alleged in the petition, showing the facts, amount, and foundation of plaintiffs' claim.

SPECIAL TERM.—On general demurrer to petition.

The allegations of the petition are sufficiently stated in the decision.

*R. D. & J. H. Handy,* for plaintiffs.

*J. T. Crapsey,* for defendants.

11

SPENCER, J.  The petition avers that the defendants executed a bond, of which a copy is filed therewith marked A, and prayed to be made part thereof.  That after the making of said bond, the defendant, Bennett, prosecuted his petition in error before the district court of Hamilton county, and the judgment of the court below was affirmed; but notwithstanding such affirmance, the defendants have not paid to plaintiffs the amount of said judgment and costs, as by said bond they were bound to do.  Wherefore plaintiffs say the condition of the bond has been broken, and the defendants ought to pay the penalty thereof, which said penalty of $246.46 they say is due and unpaid, and for which they demand judgment.  To this petition there is a general demurrer.

The undertaking is in these words:

"*State of Ohio, Hamilton County, to wit:*

JOSEPH S. BENNETT,
        *against*
CHARLES WEST and JOSEPH
    TORRENCE, partners as C. W.
    WEST & Co.

Whereas, Joseph S. Bennett, plaintiff in error, has instituted proceedings in the district court, in and for the county of Hamilton, to reverse a judgment, rendered by the court of common pleas of said county, at its January term of 1855, for the sum of one hundred and twenty dollars and fifty-three cents, and seven dollars and eighty-one cents, costs of action, in favor of Charles W. West and Joseph Torrence, partners as C. W. West & Co., defendants in error, against the said Joseph S. Bennett.

Now, therefore, we, Joseph S. Bennett, and ——— Dodsworth, of the county of Hamilton and State of Ohio, do bind ourselves to the said Charles W. West and Joseph Torrence, partners as C. W. West & Co., defendants in error, in the sum of two hundred and forty-six dollars and forty-eight cents.

That if the said judgment shall be affirmed in whole, or in part, we will pay to the said Charles W. West and Joseph Torrence, partners as C. W. West & Co., defendants in error, the whole or the part of said judgment affirmed, and the costs in the district court.

Dated at Cincinnati, this 19th day of May, A. D. 1855.

J. S. BENNETT,<br>M. DODSWORTH.

Subscribed in presence of

THOMAS SPOONER,<br><em>Clerk of District Court of Hamilton County, Ohio.</em>

By E. PAGE, *Deputy.*

Approved and filed this 19th day of May, A. D. 1855.

THOMAS SPOONER,<br><em>Clerk of District Court of Hamilton County, Ohio.</em>

By E. PAGE, *Deputy."*

The question has often been presented in this court as to the propriety of referring to an exhibit as part of the petition, and relying upon its contents to help out the statement of a cause of action. With the single exception of a class of cases especially provided for in section 122 of the code (i. e., of actions founded upon written instruments for the unconditional payment of money), I know of no authority therein for looking out of the pleading to an exhibit, or other matter referred to, to ascertain the foundation of the action. It is certain that such a system of reference was not allowed at common law, and even when a reference was made to an exhibit in chancery, the substance of it was incorporated in the body of the bill. Nor do I think the code intended to adopt a new rule in this respect. On the contrary, it requires, by section 85, that the petition shall contain "a statement of the facts constituting the cause of action, in concise language, a demand of the relief sought, and if it be the recovery of money, the amount claimed." By which, as I understand, the facts must be set forth in the body of the petition, and not by reference to another paper, or record. Nor do I mean

to encourage a practice of inserting at length, in a pleading, a voluminous record, or instrument of writing, upon which a claim is founded, but the substance, only, or so much thereof as is relied on to sustain the action or the defense. If, therefore, I were compelled to decide this demurrer upon this point alone, I should certainly sustain it, because, without referring to the instrument accompanying this petition, there is no promise set forth in the petition which is alleged to be broken.

If the exhibit, however, were embodied in the petition, it would still be demurrable. It ends as follows:

"That if the said judgment shall be affirmed in whole, or in part, we will pay to the said Charles W. West and Joseph Torrence, partners as C. W. West & Co., defendants in error, the whole or the part of said judgment affirmed, and the costs in the district court."

Now, although the petition avers that the judgment of the court below was affirmed, and that the same, with costs, has not been paid, it does not set forth what the amount of that judgment is, nor of the costs on the judgment in error; so that we can not tell for what a judgment should be rendered in case of a default. The plaintiff is not entitled to the penalty of his bond, but only to the amount due upon the judgment rendered.

The demurrer will be sustained, and leave given to amend.